# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOENELL L. RICE, | CASE NO.: 1:15CR32 |
| | 1:19CV94 |
| Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| UNITED STATES OF AMERICA | MEMORANDUM OPINION |
| | AND ORDER |
| Respondent. | |

This matter comes before the Court upon Petitioner Joenell Rice's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF # 50). Petitioner seeks to vacate his sentence on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

## FACTUAL AND PROCEDURAL HISTORY

On January 28, 2015, Petitioner was charged in a one count indictment with possession of a firearm and/ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e). (ECF #1). On May 9, 2016, Petitioner pleaded guilty pursuant to a written plea agreement to one count of possession of a firearm by a conviction felon in violation of 18 U.S.C. § 922(g)(1). (ECF #34). On August 2, 2016, Petitioner was sentenced to 180 months. (ECF #42). On August 10, 2016, Petitioner filed his notice of appeal. (ECF #43). On May 19, 2017, the Sixth Circuit affirmed Petitioner's sentence. (ECF #48). Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On December 4, 2018, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF # 50). Petitioner alleges that his counsel was

ineffective because counsel: (1) promised Petitioner he would receive a sentence of 36 months imprisonment; (2) failed to investigate Petitioner's mental capacity; (3) failed to investigate a video in which Petitioner was allegedly beat by the police after the commission of a crime; (4) failed to inform Petitioner of his deadline to file a petition for writ of certiorari; and (5) failed to obtain Petitioner's consent in seeking continuances from the Court and filing certain motions on Petitioner's behalf. On January 18, 2019, the Government filed its response in opposition to Petitioner's motion, arguing that Petitioner's motion should be denied as untimely. (ECF #53).

## ANALYSIS

### I. Motion to Vacate under 18 U.S.C. § 2255

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relied'") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Petitioner in this case alleges violations of his constitutional rights based upon

ineffective assistance of counsel.

A.   **One-Year Limitation Period**

Any post-conviction motion to vacate is subject to a one-year period of limitation. 28 U.S.C. § 2255(f). The period of limitation runs from the date the judgment becomes final. 28 U.S.C. § 2255(f)(1). When a federal criminal defendant does not appeal his sentence to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). Here, Petitioner had 90 days to file a writ of certiorari after the Sixth Circuit affirmed his sentence on May 19, 2017. (ECF #49). Consequently, the one-year period of limitation began to run on August 17, 2017 and Petitioner had until August 17, 2018 to file a motion to vacate.

In this case, Petitioner did not file his motion to vacate within the one-year period of limitation. Petitioner's motion to vacate was filed on December 4, 2018, only after the one-year period limitation had expired. Therefore, because Petitioner did not file his motion to vacate within the one-year limitation period, Petitioner's motion is denied.

B.   **Ineffective Assistance of Counsel**

Even if Petitioner's claims were timely, his grounds for relief are unsupported by evidence and lack any merit. Petitioner fails to provide any affidavit or any independent evidence to support his claims of ineffective assistance of counsel. Moreover, Petitioner's assertions are unsupported by the record.

Regarding his first claim, the record shows Petitioner was informed in person and in writing that if he pleads guilty to the indictment, he will be subjected to the mandatory minimum

of 180 months. Petitioner's second claim also lacks merit because his attorney filed a motion for psychiatric examination, which the Court granted on March 6, 2016. Furthermore, Petitioners third claim of an alleged video is unsupported by the evidence and he fails to demonstrate that it would have had any bearing on his decision to plead guilty. Petitioner fails to provide any evidence or factual support for his fourth claim of ineffective assistance of counsel, as well. Even if Petitioner could show that his counsel's performance was inadequate in this regard, Petitioner has not demonstrated that he has suffered any prejudice as a result. Finally, as with his other claims, Petitioner's assertion that his trial counsel requested continuances without his prior approval is unsupported by the record.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to

28 U.S.C. § 2255 (ECF # 50) is DENIED.  Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).  IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 27, 2019