UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

**OCT 1 3 2021**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:15 CR 32 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOENELL L. RICE, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Joenell Rice's Motion for Relief

Pursuant to Rule 60(b)(1).  (ECF #101).  The government filed a Response indicating that it

waives any timeliness objections that could apply to Mr. Rice's motion, and indicating that it

supports re-opening his §2255 proceeding, vacate his prior sentence and re-sentencing him with

consideration of the holding in *United States v. Yates*, 866 F.3d 732 (6th Cir. 2017).  (ECF #102).

In 2015, Mr. Rice was indicted on one count of being a felon in possession of a firearm,

in violation of 18 U.S.C. §922(g).  The indictment cited three prior Ohio robbery convictions

under Ohio Revised Code §2911.02(A)(3) as predicates under the Armed Career Criminal Act

("ACCA").   The Court imposed an enhanced sentence of 180 months under the ACCA based on

these three convictions, finding that they satisfied the "force clause" predicates under *United*

*States v. Mansur*, 375 Fed. Appx. 458, 464 (6th Cir. 2010).  The sentence was upheld on appeal.

*See, United States v. Rice*, No. 16-3922 (6th Cir. May 19, 2017).

Case: 1:15-cr-00032-DCN  Doc #: 104  Filed: 10/13/21  2 of 3.  PageID #: 576

Shortly after Mr. Rice's sentence was affirmed, the Sixth Circuit issued an opinion holding that *Mansur* was incorrectly decided and that the Ohio robbery offense defined in §2911.02(A)(3) does not qualify as a force-clause predicate offense under the ACCA. *See, United States v. Yates*, 866 F.3d 732 (6th Cir. 2017). In November of 2018, Mr. Rice files a pro se motion under §2255, arguing, in part, that his prior Ohio robbery convictions were not violent felonies under the ACCA and should not have counted as predicate offenses. (ECF #50). The government opposed the motion arguing primarily that the motion was untimely. Although the motion was, in fact, untimely, the Government, upon further review, determined that it should not have raised this issue and should have, in the interests of justice, advocated for the Court to consider the *Yates* decision and apply it Mr. Rice's sentence. The Government contacted Mr. Rice's counsel to inform them of this determination, and invited them to file a motion under Fed. R. Civ. P. 60(b)(1), citing the Government's mistake in judgment. The Government also agreed to waive any defenses related to the timeliness of the 60(b) motion.

The parties agree that if Mr. Rice were sentenced today he could not be sentenced under the ACCA because he does not have three eligible predicate offenses subjecting him to the ACCA enhancements. Under the ACCA, Mr. Rice was subject to a mandatory minimum sentence of fifteen years. In the absence of ACCA enhancements, the statutory maximum sentence Mr. Rice could have received is ten years. Therefore, his current sentence exceeds the applicable statutory maximum sentence available post-*Yates*. The unjustified application of a statutory sentencing enhancement that results in a sentence above the properly applicable statutory maximum sentence is a cognizable non-constitutional claim under Section 2255. The Court, therefore, finds that Mr. Rice's sentence should be vacated and he should be re-sentenced

2

without application of the ACCA, to a term of imprisonment that does not exceed the statutory maximum ten year sentence for a violation of 18 U.S.C. §922(g).  The exact length of his revised sentence will be determined at a re-sentencing hearing where the parties may present arguments as to the properly applicable sentencing guidelines and balancing of the factors under 28 U.S.C. §3553(a).

Defendant's Motion for Relief Pursuant to Rule 60(b)(1) is GRANTED, in part.  (ECF #101).  His sentence is vacated.  A re-sentencing hearing is set for November 24, 2021 at 10:00 a.m..  Mr. Rice is to remain in the custody of the Bureau of Prisons until re-sentencing.  IT IS SO ORDERED.


_____
DONALD C. NUGENT
United States District Judge

DATED: October 13, 2021